1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TYLER REVELS,

               Plaintiff,

      v.

HOLLY, et al.,

               Defendants.

Case No. 23-cv-04404-JST

**ORDER OF PARTIAL SERVICE**

Plaintiff, an inmate at Marin County Jail, has filed a *pro se* action pursuant to 42 U.S.C. § 1983.  Now before the Court for review under 28 U.S.C. § 1915A is Plaintiff's amended complaint.  ECF No. 5.

**DISCUSSION**

**A.**    **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1), (2).  *Pro se* pleadings must, however, be liberally construed.  *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

1  While Rule 8 does not require detailed factual allegations, it demands more than an unadorned,

2  the-defendant-unlawfully-harmed-me accusation.  *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

3  A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a

4  cause of action, or naked assertions devoid of further factual enhancement does not suffice.  *Id.*

5  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a

6  right secured by the Constitution or laws of the United States was violated, and (2) that the alleged

7  violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487

8  U.S. 42, 48 (1988).

9  **B.      Amended Complaint**

10          The amended complaint names as defendants the following Santa Rita Jail ("SRJ") prison

11  officials:  Deputy White (Inmate Services), Deputy Holly (video visit tech), Lieutenant T. Modeste

12  #1893, Lieutenant L. Diaz, Sergeant J. LaRosa, Sergeant E. Feamster (grievances unit), and

13  Sergeant M. Caruso.  ECF No. 5 at 2.  Plaintiff alleges that defendants Holly and White denied

14  Plaintiff video visits privileges because Plaintiff was wearing approved religious headgear, a kufi.

15  Plaintiff filed a grievance challenging the denial and suspension of his video visit privileges.  His

16  grievance was denied by defendants Feamster, LaRosa and Caruso, on the grounds that he was

17  required to be on the list of inmates approved to wear a kufi.  Plaintiff appealed this denial,

18  providing information that defendant White had Plaintiff on the list of inmates approved to wear a

19  kufi.  Defendant Diaz denied the appeal, and also denied a recommendation by defendant

20  Modeste.  The amended complaint does not specify what defendant Modeste recommended, and it

21  appears that defendant Modeste may have recommended that Plaintiff's video visits be reinstated.

22          Liberally construed, the allegation that  defendants Holly and White denied Plaintiff video

23  visits states a cognizable First Amendment free exercise violation.  *See Shakur v. Schriro*, 514

24  F.3d 878, 883-84 (9th Cir. 2008) (for prisoner to establish free exercise violation, he must show

25  that prison regulation or official burdened practice of religion without any justification reasonably

26  related to legitimate penological interests).

27          The amended complaint does not state a claim against defendant Modeste.  It is unclear

28  what actions or outcomes defendant Modeste recommended, and it appears that defendant

United States District Court
Northern District of California

Modeste may have recommended that Plaintiff's video visits be reinstated.  The claim against defendant Modeste is DISMISSED with leave to amend.  As explained below, to the extent that defendant Modeste's participation in alleged First Amendment violation arises from his or her participation in the grievance process, generally participation in the grievance process is insufficient to give rise to personal liability under Section 1983.

The amended complaint does not state a claim against defendants Feamster, LaRosa, Caruso, and Diaz because their only involvement in the alleged constitutional violation was their participation in the grievance process.  Generally, a prison official's participation in the grievance process generally does not constitute significant participation in an alleged constitutional violation sufficient to give rise to personal liability under Section 1983.  *See, e.g., Wilson v. Woodford*, No. 1:05-cv-00560-OWW-SMS, 2009 WL 839921, at *6 (E.D. Cal. Mar. 30, 2009) (ruling against prisoner on administrative complaint does not cause or contribute to constitutional violation).  A prisoner has no constitutional right to an effective grievance or appeal procedure.  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner has no constitutional right to effective grievance or appeal procedure); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of entitlement to a grievance procedure.").  The First Amendment claim against defendants Feamster, LaRosa, Caruso, and Diaz is DISMISSED with prejudice, and defendants Feamster, LaRosa, Caruso, and Diaz are DISMISSED from this action.

## CONCLUSION

For the foregoing reasons, the Court orders as follows.

1.      Liberally construed, the complaint states a cognizable First Amendment claim against Santa Rita Jail prison officials deputy White (Inmate Services) and deputy Holly (video visit tech).  The Court DISMISSES with leave to amend the claim against defendant T. Modeste.  The Court DISMISSES with prejudice the claim against defendants E. Feamster, J. LaRosa, M. Caruso, and L. Diaz, and DISMISSES defendants E. Feamster, J. LaRosa, M. Caruso, and L. Diaz from this action.

2.      If Plaintiff wishes to amend his claim against defendant T. Modeste, Plaintiff shall file a second amended complaint within **twenty-eight (28) days** of the date of this order that

3

United States District Court
Northern District of California

1    addresses the identified deficiencies in his claim.  The second amended complaint must include

2    the caption and civil case number used in this order, Case No. C 23-cv-04404 JST (PR) and the

3    words "SECOND AMENDED COMPLAINT" on the first page.  If using the court form

4    complaint, Plaintiff must answer all the questions on the form in order for the action to proceed.

5    An amended complaint completely replaces the previous complaints. *See Lacey v. Maricopa*

6    *Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012).  Accordingly, Plaintiff must include in his second

7    amended complaint all the claims he wishes to present and all of the defendants he wishes to sue,

8    including the claim(s) found cognizable above and the defendant(s) served below.  Plaintiff may

9    not incorporate material from the prior complaints by reference.  Failure to file a second amended

10    complaint in accordance with this order in the time provided will result in ECF No. 5 remaining

11    the operative complaint and this action proceeding solely on the claim(s) found cognizable above

12    and against the defendant(s) ordered served below.  The Clerk shall include two copies of the

13    court's complaint form with a copy of this order to Plaintiff.

14         3.      The Clerk shall issue summons and the United States Marshal shall serve, without

15    prepayment of fees, a copy of the operative complaint (ECF No. 5), with all attachments thereto,

16    and a copy of this order upon **defendants Santa Rita County Jail prison officials commander**

17    **deputy White (Inmate Services) and deputy Holly (video visit tech) at Santa Rita Jail, 5325**

18    **Broder Blvd., Dublin CA 94568.**  A courtesy copy of the operative complaint with attachments

19    and this order shall also be mailed to the Alameda County Counsel, at 1221 Oak Street, Suite 450,

20    Oakland CA 94612.

21         4.      In order to expedite the resolution of this case, the Court orders as follows:

22         a.      No later than 91 days from the date this order is filed, Defendants must file

23    and serve a motion for summary judgment or other dispositive motion.  If Defendants are of the

24    opinion that this case cannot be resolved by summary judgment, Defendants must so inform the

25    Court prior to the date the motion is due.  A motion for summary judgment also must be

26    accompanied by a *Rand* notice so that Plaintiff will have fair, timely, and adequate notice of what

27    is required of him in order to oppose the motion.  *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir.

28

2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).[1]

        b.      Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendants no later than 28 days from the date the motion is filed.  Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

        c.      Defendants shall file a reply brief no later than 14 days after the date the opposition is filed.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion.

        5.      Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A).  (The *Rand* notice above does

---

[1] If Defendants assert that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendant must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's opinion in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion).

United States District Court
Northern District of California

not excuse defendant's obligation to serve said notice again concurrently with a motion for summary judgment.  *Woods*, 684 F.3d at 939).

6.     All communications by Plaintiff with the Court must be served on Defendants' counsel by mailing a true copy of the document to Defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until Defendants' counsel has been designated, Plaintiff may mail a true copy of the document directly to Defendants, but once Defendants are represented by counsel, all documents must be mailed to counsel rather than directly to Defendants.

7.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

8.     Plaintiff is responsible for prosecuting this case.  Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

9.     Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

10.    Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated:  January 3, 2024

_____
JON S. TIGAR
United States District Judge