UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| TYLER REVELS, | Case No. 23-cv-04404-JST |
|---|---|
| Plaintiff, | |
| v. | **ORDER GRANTING REQUEST TO REOPEN ACTION; DIRECTING CLERK TO VACATE ORDER OF DISMISSAL AND REOPEN ACTION; RESETTING BRIEFING SCHEDULE; DENYING REQUEST FOR APPOINTMENT OF COUNSEL** |
| HOLLY, et al., | |
| Defendants. | |
| | Re: ECF Nos. 21, 22 |

Plaintiff has filed this *pro se* 42 U.S.C. § 1983 civil rights action. ECF No. 1. For the reasons set forth below, the Court GRANTS the motion to reopen this action, ECF No. 21; directs the Clerk to VACATE the Order of Dismissal and related judgement (ECF Nos. 16, 17) and REOPEN this action; sets a briefing schedule; and DENIES Plaintiff's request for appointment of counsel, ECF No. 22.

**DISCUSSION**

**I.    Background**

Plaintiff commenced this action on or about August 21, 2023. ECF No. 1. On January 3, 2024, the Court found that the operative complaint stated a cognizable First Amendment claim against Santa Rita Jail prison officials deputy White (Inmate Services) and deputy Holly (video visit tech). ECF No. 6. On March 12, 2024, the Court ordered Plaintiff to provide the Court with a current address by April 9, 2024, stating that failing to respond in accordance with the order would result in the action being dismissed for failure to prosecute and/or failure to comply with a court order, pursuant to Fed. R. Civ. P. 41(b). ECF No. 11. On April 10, 2024, the Court dismissed this action pursuant to Fed. R. Civ. P. 41(b) because Plaintiff had not responded to the

1  Court's March 12, 2024 Order.  ECF No. 16.  The Court entered judgment against Plaintiff that
2  same day.  ECF No. 17.
3        On May 14, 2024, Plaintiff filed a notice of change of address, reporting his current
4  address of record as Federal Correctional Institution – Florence, P.O. Box. 6000, Florence, CO
5  81226.  ECF No. 20.

## II. Request to Reopen Action and Resetting Briefing Schedule

Plaintiff has filed a motion requesting that this action be reopened.  ECF No. 21.  In his notice of change of address and in his motion to reopen, Plaintiff states that, starting January 14, 2024, he was transferred between various correctional institutions, which rendered him unable to communicate with the Court; that he arrived at FCI-Florence on March 25, 2024; and that FCI-Florence was on lockdown from March 27, 2024 to April 5, 2024.  ECF Nos. 20, 21.  Good cause being shown, the Court GRANTS the motion to reopen, ECF No. 20; and directs the Clerk to VACATE the Order of Dismissal and related judgement (ECF Nos. 16, 17) and REOPEN this action.

The Court resets the briefing schedule as follows.  Defendants shall file their dispositive motion by January 24, 2025.  Plaintiff's opposition to the dispositive motion must be filed with the Court and served upon Defendants no later than 28 days from the date the motion is filed. Defendants shall file a reply brief in support of their dispositive motion no later than 14 days after the date the opposition is filed.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion.

## III. Request for Appointment of Counsel

Plaintiff has filed a motion requesting "CJA Appointment of and Authority to Pay Court Appointed Counsel," and that the Court order a competency evaluation pursuant to 18 U.S.C. § 4247(A).  ECF No. 22.  Plaintiff states that appointment of counsel is needed because he is financially unable to employ counsel; he does not wish to waive counsel; the interests of justice require that he be appointed counsel; and that he is suffering from mental defects that render him mentally incompetent such that he is unable to understand the nature and consequences of the court proceedings and unable to assist properly in forming and writing pleadings as a *pro se*

1    litigant. *Id*. Plaintiff argues that the Court should order a competency evaluation because an
2    evaluation would show that he is incompetent to proceed within the meaning of 18 U.S.C.
3    § 4247(A).

4          The Court DENIES both the request for counsel and for a competency evaluation. The
5    statutes cited by Plaintiff apply to federal criminal proceedings, not the instant federal civil
6    proceeding. The Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A *et seq.*, provides for court
7    appointment of attorneys for accused individuals who are financially unable to retain counsel in
8    federal criminal proceedings. *See* 18 U.S.C. § 3006A *et seq*. 18 U.S.C. § 4247(A) governs
9    determination of competency in federal criminal proceedings.

10         There is no statutory entitlement to counsel in a federal civil rights case. There is also no
11   constitutional right to counsel in a civil case unless an indigent litigant may lose his physical
12   liberty if he loses the litigation, which is not the case here. *See Lassiter v. Dep't of Social Svcs.*,
13   452 U.S. 18, 25 (1981). A court "may request an attorney to represent any person unable to afford
14   counsel." 28 U.S.C. § 1915(e)(1). Appointing counsel is within the court's discretion and is
15   granted only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir.
16   1986) (referring to 28 U.S.C. § 1915(d), which was subsequently renumbered to 28 U.S.C.
17   § 1915(e)(1)). A finding of "exceptional circumstances" requires an evaluation of the likelihood
18   of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his
19   claims *pro se* in light of the complexity of the legal issues involved. *See Agyeman v. Corrections*
20   *Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Both these factors must be viewed
21   together before reaching a decision on a request for counsel under § 1915. *See id*. At this stage of
22   the action, it is unclear whether Plaintiff will succeed on the merits. Thus far, Plaintiff has ably
23   litigated the case despite his alleged mental defects.

24         The Court DENIES Plaintiff's request for appointment of counsel for lack of exceptional
25   circumstances without prejudice to the Court *sua sponte* appointing counsel in the future should
26   the circumstances so require. The Court DENIES Plaintiff's request for a competency evaluation
27   as inapplicable here.

28   / / /

**CONCLUSION**

Accordingly, the Court orders as follows.

1. Good cause being shown, the Court GRANTS the motion to reopen, ECF No. 21; and directs the Clerk to VACATE the Order of Dismissal and related judgement (ECF Nos. 16, 17) and REOPEN this action.

2. The Court RESETS the briefing schedule as follows. Defendants shall file their dispositive motion by January 24, 2025. Plaintiff's opposition to the dispositive motion must be filed with the Court and served upon Defendants no later than 28 days from the date the motion is filed. Defendants shall file a reply brief in support of their dispositive motion no later than 14 days after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

3. The Court DENIES Plaintiff's request for appointment of counsel and for a competency evaluation. ECF No. 22.

4. The Court ORDERS Defendants to serve Plaintiff at his new address of record with courtesy copies of their filings thus far in this case: (1) Defendants' Answer to the amended complaint and jury demand, ECF No. 10; and (2) Defendants' request for an extension of time to file their dispositive motion, ECF No. 12.

5. The Clerk is directed to send Plaintiff a copy of the docket sheet for this action, and courtesy copies of the Court orders issued in this case: (1) the January 3, 2024 screening order, ECF No. 6; (2) the March 12, 2024 order requiring Plaintiff to provide the Court with an updated address, ECF No. 11; (3) the March 18, 2024 order granting Defendants an extension of time to file their dispositive motion, ECF No. 13; and (4) the April 10, 2024 Order of Dismissal and judgment, ECF Nos. 16, 17.

This order terminates ECF Nos. 21, 22.

**IT IS SO ORDERED.**

Dated: October 25, 2024

_____
JON S. TIGAR
United States District Judge