UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYLER REVELS,<br><br>        Plaintiff,<br><br>    v.<br><br>HOLLY, et al.,<br><br>        Defendants. | Case No. 23-cv-04404-JST<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>Re: ECF No. 35 |

Plaintiff filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983, and the Court granted summary judgment in favor of Defendants. For the reasons set forth below, the Court DENIES Plaintiff's motion for reconsideration. ECF No. 35.

**DISCUSSION**

**I.   Background**

In August 2023, Plaintiff filed this *pro se* civil rights action alleging that, while he was detained at Santa Rita Jail in 2023, jail officials Tichia Holly and Gary Dean White violated his First Amendment right to free exercise of his religion by denying him four video visits over a six-day period because he was wearing religious headwear. *See generally* ECF No. 1. At the time that Plaintiff filed this action, Plaintiff was no longer housed at Santa Rita Jail and was instead housed at Marin County Jail. *Id.* On March 12, 2024, the Court ordered Plaintiff to provide the Court with an updated address because the Court had learned that Plaintiff was no longer in the custody of Marin County Jail. ECF No. 11. Plaintiff did not provide an updated address in response to the order. The Court therefore dismissed this case on April 10, 2024, for failure to provide an updated address as required by N.D. Cal. L.R. 3-11. ECF Nos. 16, 17.

On May 14, 2024, Plaintiff filed a notice with the Court, stating that he arrived at Federal

Correctional Institution – Florence on March 25, 2024, and that his new address of record was FCI Florence, P.O. Box. 6000, Florence, CO 81226.  ECF No. 20.  ECF No. 20.  Court staff mistakenly entered Plaintiff's address of record as Federal Correctional Institution, P.O. Box. 600, Florence, CA 81226.

On October 25, 2024, the Court reopened this action at Plaintiff's request.  ECF No. 23.

On January 24, 2025, Defendants filed a motion for summary judgment.  ECF No. 25.

On April 23, 2025, Defendants notified the Court of the typographical error in Plaintiff's address of record.  Defendants also re-served their summary judgment motion on Plaintiff at the correct address.  ECF Nos. 26, 27.

On May 12, 2025, in light of the Court's typographical error, the Court reset the briefing schedule to allow Plaintiff time to respond to the summary judgment motion.  ECF No. 28.  In that same order, the Court also ordered Defendants to serve courtesy copies of their prior filings (ECF Nos. 10, 12) on Plaintiff at his corrected address, and ordered the Clerk to send Plaintiff a copy of the docket sheet for this action, and courtesy copies of the court orders issued in this case (ECF Nos. 6, 11, 13, 16, 17, 23).  The Clerk corrected Plaintiff's address to reflect the address provided by Plaintiff in ECF No. 20.

On May 19, 2025, Plaintiff filed an opposition to Defendants' summary judgment motion.  ECF No. 30.  The return address on this pleading indicated that Plaintiff's address was USP Florence – High Security, P.O. Box. 7000, Florence, CO 81226.  *Id.*  The Clerk updated the address of record to reflect the return address listed on the pleading even though Plaintiff had not formally notified the Court that he had a new address.

On June 2, 2025, Defendants filed a reply in support of their summary judgment motion.  ECF No. 31.  Defendants served the reply on Plaintiff at FCI Florence, P.O. Box. 6000, Florence, CO 81226.  ECF No. 31-2.

On September 29, 2025, the Court granted summary judgment in favor of Defendants, finding *inter alia* that Plaintiff had not demonstrated a triable issue of fact as to whether Defendants substantially burdened his religious practice.  ECF No. 32.  The Court entered judgment in favor of Defendants.  ECF No. 33.  That same day, Defendants served the judgment

1  on Plaintiff at FCI Florence, P.O. Box. 6000, Florence, CO 81226.  ECF No. 34.

## II. Motion for Reconsideration

On October 24, 2025,[1] Plaintiff sent to the Court a pleading titled "Motion for Reconsideration."  ECF No. 35.  Plaintiff stated that Defendants served him documents at an incorrect address despite knowing Plaintiff's correct address.  Plaintiff argued that the Court "should grant Tyler Revels motion for reconsideration due to the following errors made by the Defendants."  ECF No. 35 at 1.  The "errors" presumably refers to Defendants serving Plaintiff at the incorrect address.  Plaintiff also requested that the Court send him the docket sheet for this case so that he could request prior motions filed by Defendants that were sent to the wrong address.  ECF No. 35 at 1.  The motion does not specify the order for which Plaintiff seeks reconsideration.  The Court presumes that Plaintiff seeks reconsideration of the Court's order granting summary judgment in favor of Defendants.

Defendants oppose Plaintiff's motion for reconsideration.  Defendants argue that Plaintiff has failed to demonstrate that he is entitled to reconsideration of the Court's grant of summary judgment under Fed. R. Civ. P. 59(e); that Plaintiff appears to have received the summary judgment motion as he filed an opposition; that there is no indication that Plaintiff did not receive the pleadings and court orders sent to him at FCI Florence, P.O. Box. 6000, Florence, CO 81226; and that Plaintiff was not prejudiced by Defendants sending pleadings to P.O. Box 6000 rather than P.O. Box 7000.  ECF No. 36.

The Court DENIES Plaintiff's motion for reconsideration.  ECF No. 35.  Where the court's ruling has resulted in a final judgment or order (e.g., after dismissal or summary judgment motion), a motion for reconsideration may be based on Fed. R. Civ. P. 59(e) (motion to alter or amend judgment).  *See* Fed. R. Civ. P. 59(e).  "In general, there are four basic grounds upon which

---

[1] Plaintiff's motion for reconsideration is dated October 19, 2025. ECF No. 35 at 1. According to the envelope, the motion was received by prison authorities for mailing on October 24, 2025. ECF No. 35 at 4. The Court received the motion on November 3, 2025 and docketed it on November 6, 2025. ECF No. 35 at 4. The mailbox rule provides that Plaintiff's motion is deemed filed as of October 24, 2025, the date he delivered it to prison authorities for forwarding to the court clerk. *Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009); *see also Houston v. Lack*, 487 U.S. 266, 276 (1988) (Section 1983 complaint considered filed on date prisoner delivered it to prison authorities for forwarding to court clerk).

a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). Amending a judgment after entry is an extraordinary remedy which should be used sparingly. *McDowell v. Calderon*, 197 F.3d 1253, 1255 n. 1 (9th Cir.1999) (en banc) (per curiam).

Plaintiff has not argued, much less demonstrated, that any of these four grounds—manifest errors of law or fact, newly discovered or previously unavailable evidence, manifest injustice, or intervening change in controlling law—applies here. Defendants mistakenly mailing their pleadings to P.O. Box 6000 instead of P.O. Box 7000 does not constitute manifest injustice because Plaintiff appears to have received these pleadings. Most importantly, Plaintiff received Defendants' summary judgment motion, ECF No. 25, as evinced by Plaintiff's detailed opposition to the summary judgment motion, ECF No. 30. Nothing in the record supports a finding that Plaintiff is entitled to the "extraordinary remedy" of reconsideration of the Court's order granting summary judgment in favor of Defendants.

## CONCLUSION

For the reasons set forth above, the Court DENIES Plaintiff's motion for reconsideration. ECF No. 35. This case remains closed. The Clerk is directed to send Plaintiff a courtesy copy of the docket sheet for this case.

This order terminates ECF No. 35.

**IT IS SO ORDERED.**

Dated: November 26, 2025



_____
JON S. TIGAR
United States District Judge